JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rohan Vijay Murgai, <br><br> v. <br><br> United States of America, et al <br><br> PLAINTIFF(S) / DEFENDANT(S) | CASE NUMBER <br> SACV 18-00791 DOC (DFMx) <br><br> AMENDED <br> ORDER RE REQUEST TO PROCEED <br> *IN FORMA PAUPERIS* |

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____     _____
Date                                                  United States Magistrate Judge

IT IS RECOMMENDED that the Request to Proceed *In Forma Pauperis* be DENIED for the following reason(s):

- [ ] Inadequate showing of indigency
- [X] Legally and/or factually patently frivolous
- [ ] Other: _____
- [ ] District Court lacks jurisdiction
- [ ] Immunity as to _____

Comments: See attachment

5/16/18
Date                                                  United States Magistrate Judge

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby:

- [ ] GRANTED
- [X] DENIED (see comments above). IT IS FURTHER ORDERED that:
  - [ ] Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - [X] This case is hereby DISMISSED immediately.
  - [ ] This case is hereby REMANDED to state court.

May 18, 2018                                      /s/ David O. Carter
Date                                                  United States District Judge
                                                       DAVID O. CARTER

CV-73 (08/16)                          ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

Rohan Vijay Murgai v. United States of America,
Case No. SA CV 18-00791-DOC (DFMx)

On May 4, 2018, Plaintiff filed a request to proceed in forma pauperis with a civil complaint (Dkt. 1; "Complaint") against the United States of America. See Request to Proceed In Forma Pauperis ("IFP Request").

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); see also 28 U.S.C. § 1915(e)(2)(B) (providing that court shall dismiss in forma pauperis case at any time it determines that action "is frivolous or malicious" or "fails to state a claim on which relief may be granted"); Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (finding that a claim "is frivolous if it is of little weight or importance: having no basis in law or fact").

Plaintiff's complaint contains several pages of rambling and disjointed allegations. The Court has reviewed those allegations. None of them suggest that Plaintiff will be able to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)). Based on the foregoing, the Court concludes that the allegations contained in Plaintiff's Complaint are frivolous. Moreover, there is nothing about Plaintiff's allegations that even remotely suggests that these deficiencies could be cured with leave to amend. For these reasons, Plaintiff's IFP Request should be denied. See Minetti, 152 F.3d at 1115.